

August 1, 2025

*Via ECF*
**Honorable Frederick Block**
**United States District Judge**
**U.S. District Court for the Eastern District of New York**
**225 Cadman Plaza East**
**Brooklyn, New York 11201**

                      Re:        **Union Mutual Fire Insurance Company v.**
                                    **Liakas Law, P.C. et al.**
                                    **Case No. 1:25-cv-01857-FB-JRC**

Hon. Senior Judge Block:

      The undersigned represents Plaintiff in the instant matter. We write pursuant to Your Honor's Individual Practice Rules and in response to the Pre-Motion Letter filed by Counsel for Defendants Liakas Law, P.C. and Dean N. Liakas, (Doc. #: 96).

      The updated version of Defendants' submission continues to omit that Roosevelt Road Re, Ltd. et al. v. Subin *et al.,* No. 24-cv-05033 (HG) having been dismissed was based solely on standing due to Roosevelt's status as a reinsurer, whereas Plaintiff herein is a direct insurer. Defendants again omit the language from that decision which applies herein, that "To be sure, insurers may clear the proximate case hurdle when they are the targets of the fraud," (p. 11), and "[Roosevelt] is differently situated from the insurer in its best case, Allstate Insurance Co. v. Seigel, in which the court found causation adequately pled under RICO where the defendant created false claims for unnecessary or nonexistent medical procedures paid out by Allstate, either directly or in the form of inflated judgments and settlements," (p. 12). The false conflation lacks merit. Further, Defendants, while receiving insurance disclosures on every underlying matter, while sending demand packages to insurers, mediating with insurers, and ultimately, it is alleged obtained the Fraud Scheme proceeds directly from insurers, cannot be meritoriously heard to argue that insurers, such as Plaintiff, were not the "intended victims" of the scheme as alleged.

      The updated correspondence maintains that Willis Law Group has orchestrated a "coordinated public relations offensive," supported exclusively by a still-broken link to a single insurance industry-specific publication describing a separate lawsuit and a press conference held by "Tradesman, Ionian Re, their legal representative Willis Law, construction trade organizations, and NY Congressman David Weprin." This hardly constitutes a coordinated "PR offensive," is an untenable position for these particular Defendants - who have appeared on NBC, held press

**PENNSYLVANIA | NEW YORK | NEW JERSEY | DELAWARE**
**WEST VIRGINIA | FLORIDA | TEXAS**

**The Willis Law Group, PLLC** | 1985 Forest Lane, Garland, Texas 75042
(214) 736.9433 – Main | (214) 736.9994 - Facsimile
TheWillisLawGroup.com | E-Service Address: service@thewillislawgroup.com

conferences, and filed press releases on cases – to hold, and amounts to performative table pounding.

Defendants also maintain the unfounded allegation of attempts to "chill advocacy and deter attorneys and medical providers from providing essential services to vulnerable claimants." As noted in the previous response, this familiar refrain[1] loses further credibility in light of a named Defendant recently having their authorization to treat injured workers denied after an independent investigation by the New York State Workers' Comp Board found he performed "highly invasive" surgeries without proper medical justification, opted for "predetermined" surgical procedures, and characterized his conduct as "a wanton disregard and deviation from the standard of care," as well as "amount[ed] to professional misconduct."

In the interim from the prior submissions, the "chilling" ruse has been obliterated further: In NYSCEF Index #: 33275/2020E, Mot. Seq. 7, the Liakas Firm represented claimants in a car accident case, in which Defendants moved to amend their Answer to assert a counterclaim of fraud on November 26, 2024, based on discovering both the existence of a runner, Jamie Huiracocha, and his connections to their case which they argued was staged. Liakas Firm opposed, arguing that a claim of fraud was speculative, that – as nearly verbatim here – the fraud claim was merely premised on "flow charts" and "connecting our plaintiffs to other alleged fraud claimants," and, incredibly, "Defendants have been in possession of information, which they allege connects our Plaintiffs to a 'fraud ring' for over a year and Defendants failed to timely launch an investigation." The motion was granted. On July 30, 2025, Jaime Huiracocha was arrested - for staging car accidents. Liakas Firm remains counsel on NYSCEF Index #: 33275/2020E.

Should this action result in a "chilling effect" on the conduct as described by the Workers' Comp Board above, or in the matter described above (*i.e.*, conduct of the type alleged), that simply would mean Plaintiff was meritorious on Cause of Action I and granted the relief requested under sub-(c): Injunctive relief enjoining the Defendants from engaging in the wrongful conduct alleged in this Complaint.

In attacking claimed damages, Defendants have dropped the irrelevant Third Circuit Appendix case previously relied on, but still erroneously cite a case alleging costs incurred by an advocacy group unhappy with the FDA in drafting "citizen petitions and public advocacy" somehow establishes that "nor do contractual insurance investigation expenses and litigation-related costs represent injuries that can be compensated under RICO." Food & Drug Admin. v. All. for Hippocratic Med., 602 U.S. 367, 394 (2004).

All the more notable where Defendants cited D'Addario elsewhere in their submission, Second Circuit precedent has repeatedly and expressly been held precisely that: litigation-related costs can be compensated under RICO. D'Addario v. D'Addario, 901 F.3d 80, 96 (2d Cir. 2018) ("We have long recognized that a plaintiff may recover legal fees, including expenses incurred in

---

[1] November 20, 1990: "Mr. Eisen's lawyer, James M. LaRosa, said the prosecutors were being used by New York City and insurance companies, because they want to stop paying big damage awards to injured people. He said they want to send a chill through the ranks of the lawyers who represent accident victims." NY Times.
September 5, 1991: "Mr. Eisen said [] he was 'deeply sorry and ashamed,'" "ordered to pay a fine and forfeiture of $600,000[,] must face disbarment… Judge Sifton gave Mr. Eisen a prison term of 57 months." NY Times.

one or more attempts to combat a defendant's RICO violations through the legal system, as damages in a civil RICO action...."); Bankers Trust Co. v. Rhoades, 859 F.2d 1096, 1105 (1988) (RICO Plaintiff could recover "legal fees and other expenses incurred in fighting defendants' frivolous lawsuits in New York state court…").

The identical allegation in the updated submission that the elements of RICO are pled in conclusory fashion is again, itself, stated in conclusory fashion. With 9 pages detailing the general mechanics of the Fraud Scheme and enterprise, 21 pages detailing each Defendants' specific role and conduct in the enterprise, another 71 pages providing granular details on 8 exemplar cases demonstrating a standard operating procedure and the enterprise in action, with voluminous predicate acts pled therein, the only way to respond to this argument is to simply state that it is not meritorious, even less so than before. While the additional 54 pages in the FAC is minimized as "merely new graphics and snippets from medical records," the pleading speaks for itself, particularly as to Claimants D, G, and H. Plaintiff's pleading readily meets the bar of Rule 9(b), which "only requires that the Complaint, taken as true, sufficiently explains in detail the contours of the fraudulent scheme it [plausibly] alleges." Geico v. Star Medical, 1:24-cv-08049-FB-MMH, Doc. #: 50 (May 25, 2025)

Defendants have now removed the prior citations to Kim v. Kimm, 884 F.3d 98, 104 (2d Cir. 2018), after being reminded the Kim Court proactively distinguished itself from the precise (purportedly dispositive, "as a matter of law") proposition Defendants' proffered to this Court previously. Defendants still quote the same misapplied principle, and now replace Kim with non-binding District Court decisions.[2] Defendants do not address State Farm v. Tri-Borough, 120 F.4th 59, 98 (2d Cir. 2024) and others, wherein analogous facts to the instant matter clear a significantly higher bar than standing, exercise of the exceedingly limited power to stay the underlying State Court proceedings themselves, "because the state-court proceedings often concern individual claims, the piecemeal nature of those proceedings obscures the overall complex scheme, which becomes apparent only when one zooms out to view the alleged predetermined treatment protocols and 'pay-to-play' arrangements relevant to several claims".

Lastly, the simultaneously contentions that "lawsuits remain pending, those cases are not ripe for adjudication," and "any claims which were settled and released are also subject to dismissal," remain wrong on the law. The first proposition remain belied by the Second Circuit in State Farm, *supra*. Further still, this precise concern has been addressed by the Second Circuit directly. In Bankers Trust, *supra*, the Court expressly held that the RICO Plaintiff could recover "an unspecified amount in legal fees and other expenses incurred in fighting defendants' frivolous lawsuits in New York state court," as well as specified amounts incurred in separate litigation. The Court further noted "The trial court may, of course, permit supplementation of the complaint to allow for damages of this type suffered up to the time of trial." *Id.*, 1106.

As to the second proposition, claiming suit is barred by the underlying Claimants' releases signed in conjunction with the subject settlements, Defendants were previously encouraged to

---

[2] Both of which made clear to distinguish themselves from the more applicable Eisen, as "the predicate acts in Eisen amounted to far more than mere 'litigation activities,' and instead," as alleged here, "involved an extensive and broader scheme to defraud defendants in the personal injury lawsuits…" Rajaratnam v. Motley Rice, LLC, 449 F. Supp. 3d 45, 70 (EDNY 2020); .

provide even a single release – or any document - signed by Plaintiff which even arguably encompasses and precludes RICO liability for alleged criminal conduct on the part of Liakas Firm and Dean N. Liakas. Defendants have not taken up this offer.

    We thank Your Honor for your time and consideration in reviewing this submission.

Respectfully Submitted,<br>
<em>Daniel A. Johnston</em><br>
_____<br>
Daniel A. Johnston, Esq.

Cc:    All Represented Parties *via* ECF