

NEW YORK | NEW JERSEY | FLORIDA | PENNSYLVANIA | CALIFORNIA | GEORGIA | TEXAS

NATIONAL LITIGATION LAW FIRM

September 8, 2025

**VIA Electronic Filing**

The Honorable Frederic Block
United States District Judge
Easter District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

  Re: Union Mutual Fire Insurance Company v. Liakas Law, P.C. et al.
     Case No. 1:25-cv-01857-FB-JRC

Dear Judge Block:

  Pursuant to Your Honor's Individual Rules and Practices, in accordance with Section 2(A), we write on behalf of Defendant NJMHMC, LLC d/b/a Hudson Regional Hospital ("NJMHMC" or "Defendant"), in the above referenced matter, to respectfully request to join the scheduled pre-motion conference on October 1, 2025, in anticipation of filing a Motion to Dismiss for Failure to State a Claim under Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 12(b)(1). In addition to the grounds set out below, and in the interest of judicial efficiency, NJMHMC hereby incorporates by reference the arguments advanced by its co-defendants in their pre-motion letters to the extent that same is not addressed herein.

  Plaintiff Union Mutual Fire Insurance Company ("Plaintiff" or "Union Mutual") filed a Complaint on April 3, 2025, *See* ECF 1, and an Amended Complaint on July 18, 2025. *See E*CF 63 (the "AC"). Defendant NJMHMC is a premier hospital providing comprehensive care to patients. In short, in its AC, Plaintiff insurer alleges that NJMHMC engaged in a fraudulent scheme by submitting fraudulent medical documentation connected to personal injury claims. Based on such, Plaintiff alleges the following counts against NJMHMC: (1) Count I RICO Violation §1962(c); (2) Count II RICO Violation § 1962(d); and, (3) Count V Aiding and Abetting Fraud. However, despite the lengthy nature of Plaintiff's AC, the allegations therein fail to address the initial pleading defects set forth in Plaintiff's original Complaint and the requirements needed for it to survive under the relevant law, as explained below. Thus, Plaintiff's Complaint should be

dismissed in its entirety pursuant to Fed. R. Civ. P. 12(b)(6) as Plaintiff's RICO claims under 18 U.S.C. §§ 1962(c) and (d) fail to state a claim for which relief can be granted for the following several reasons. Further, the allegations pled by plaintiff, in addition to failing to state a claim under FRCP 12(b)(6), fail to plead with the requisite particularity as required under FRCP Rule 9(b). To its detriment, the AC relies upon a mere handful of broad and conclusory assertions which lack the factual specificity required to support Plaintiff's claims under RICO or any fraud-based state law theories. AC ¶ 21; ¶ 103-109.

*Failure to Plead a Plausible RICO Enterprise*

To plead a violation of civil RICO, Plaintiff must allege: that the defendant through the commission of two or more acts constituting a pattern of racketeering activity directly or indirectly invests in, or maintains an interest in, or participates in an enterprise, the activities of which affect interstate or foreign commerce. *United States Fire Ins. Co. v. United Limousine Service, Inc.*, 303 F.Supp.2d 432 (S.D.N.Y 2004); *First Capital Asset Mgmt., Inc. v. Satinwood, Inc.,* 385 F.3d 159, 173 (2d Cir. 2004). As well established by this court, conclusory allegations of fraud are insufficient to survive a motion to dismiss RICO claims. *McGee v. State Farm Mut. Auto. Ins. Co.*, No. 2009 U.S. Dist. LEXIS 60229, at *17 (EDNY July 10, 2009). Thus, Plaintiff's conclusory assertion that Defendant was part of the "fraud scheme" is insufficient. The AC lacks allegations of any structure, decision-making framework or distinct purpose beyond Defendant's ordinary medical operations. *See Cruz v. FXDirectDealer, LLC*, 720 F.3d 115, 120 (2d Cir. 2013). For this reason, the enterprise prong of Plaintiff's RICO claim fails.

*No Pattern of Racketeering Activity*

RICO requires a pattern of related and continuous predicate acts. Here, Plaintiff's allegations describe, at most, the entry of medical documentation tied to settled personal injury matters which is insufficient to establish either closed or open-ended continuity. *See Spool v. World Child Int'l Adoption Agency,* 520 F.3d 178, 183 (2d Cir. 2008). Accordingly, there has not been a pattern of racketeering activity sufficiently pled to survive a 12(b)(6) motion to dismiss the AC.

*Lack of Proximate Cause and RICO Standing*

Furthermore, Plaintiff's alleged injury is too attenuated to confer standing. It appears that Plaintiff's payments arose from voluntary settlement decisions, not from direct reliance on any specific misrepresentations on the part of this Defendant. As is well settled law, derivative

2

settlement-based injuries are not actionable under RICO.  *See Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 457-61 (2006).  Thus, Plaintiff lacks standing to pursue its RICO claims.

*Failure to Plead Predicate Acts with Particularity*

Plaintiff vaguely asserts that Defendant submitted "fraudulent medical documentation" but fails to identify who, what, when or how any alleged misrepresentation occurred.  Because the claims rest on alleged mail fraud, Plaintiff must satisfy Rule 9(b), which it has failed to do.  *See Moore v. PainWebber, Inc.*, 189 F.3d 165, 172-73 (2d Cir. 1999).  If anything, the facts alleged only show that Hudson Regional simply operated as a medical facility and engaged in legal and routine business practices.

Finally, because Plaintiff's substantive RICO claim fails, its RICO conspiracy claim under 18 U.S.C. 1962(d) must also fail.  *See ITG Brands, LLC v. Yellowstone Cap., LLC*, No. 23 Civ. 5345, 2024 WL 4008230, at *10 (S.D.N.Y. Aug. 29, 2024).  Similarly, since Plaintiff has failed to adequately allege a federal claim, this Court should not exercise jurisdiction over its state law claims for aiding and abetting fraud.

For all the foregoing reasons, and for additional reasons that will be detailed in the forthcoming brief, NJMHMC respectfully requests that the Court grant this request to join the October 1, 2025 pre-motion conference and set a uniform briefing schedule for pre-answer motion practice.

We thank the Court for its time and attention to this request.

Respectfully Submitted,

*/s/ Sarir Silver*
Sarir Silver, Esq.
**LYDECKER**
*Counsel for Defendant NJMHMC, LLC d/b/a Hudson Regional Hospital*

cc: All Counsel of Record (via ECF)