

Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street | New York, NY 10019-6131 | tel 212.858.1000 | fax 212.858.1500

James M. Catterson
tel: +1.212.858.1048
james.catterson@pillsburylaw.com

July 13, 2026

*Via ECF*
The Honorable Frederic Block
Senior United States District Judge
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:   **Union Mutual Fire Insurance Company v. Liakas Law, P.C. et al.,**
> No. 1:25-cv-01857-FB-CHK

Dear Judge Block:

Defendants Liakas Law, P.C. and Dean N. Liakas (hereinafter collectively referred to as "Liakas Law") respectfully submit this letter pursuant to Local Civil Rule 1.6 and Division of Business Rule 3 seeking a determination that Wesco Insurance Company et al. v. Liakas Law, P.C., et al., No. 1:26-cv-03300-JRC (hereinafter referred to as "Wesco") is related to the above-referenced action (hereinafter referred to as "Union Mutual") and to Greater New York Mutual Insurance Company v. Liakas Law, P.C., et al., No. 1:26-cv-00450-FB-PK (hereinafter referred to as "GNY").[1]

Division of Business Rule 3(b) provides that civil cases may be deemed related when there is a determination by a Judge "that because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same District Judge and/or Magistrate Judge."  Here, there is extensive overlap between the facts and legal issues in the instant action, GNY, and Wesco, and marking the three cases as related would result in a substantial saving of judicial resources.[2]

***First***, each complaint advances substantially similar fraud allegations, enterprise theories, and pleading structures.  Specifically, the complaints allege that defendants orchestrated a widespread fraud scheme by: (1) misrepresenting pre-existing and degenerative conditions as

---

[1] Pursuant to Division of Business (hereinafter referred to as "DOB") Rule 3(b), this application is filed in the lowest-numbered case among the applicable actions.  Notices of this letter application will be filed in both GNY and Wesco.

[2] Wesco is the thirteenth action filed by Plaintiff's counsel, The Willis Law Group, PLLC (hereinafter referred to as "Willis Law") in this District under the Racketeer Influenced and Corrupt Organizations (hereinafter referred to as "RICO") Act, and the fourth against Liakas Law P.C. and Dean N. Liakas.

traumatic injuries; (2) preparing, filing, prosecuting, and asserting allegedly fraudulent personal injury lawsuits; (3) providing allegedly unnecessary and excessive medical treatment; (4) using litigation funding to perpetuate the alleged scheme; and (5) using those diagnoses and treatments to inflate or manufacture settlement value. ECF No. 123 (hereinafter referred to as "SAC") ¶ 30; GNY, ECF No. 1 (hereinafter referred to as "GNY Complaint") ¶ 82; Wesco, ECF No. 1 (hereinafter referred to as "Wesco Complaint") ¶ 57. In fact, the plaintiffs in Wesco expressly allege that the claims asserted therein concern the same RICO enterprise and scheme already at issue in Union Mutual and GNY:

> The Fraud Scheme Enterprise was not merely a centralized conspiracy; rather, each component of the Enterprise was substantially interrelated, interdependent, and coordinated with the others . . . . The Fraud Scheme Enterprise alleged, and in large part its core Defendants, is the same Enterprise and Scheme alleged in [Union Mutual] and [GNY]. . . . Plaintiff primary insurers herein are additional victims of the same Enterprise and Scheme[,] [and] seek recovery of their own damages incurred as a result of the operations of this Enterprise and Scheme.

Wesco Complaint ¶¶ 92–94.

Wesco, GNY, and the instant case feature the same descriptive language, sequencing of allegations (i.e., fraud-scheme narrative, enterprise allegations, exemplar claimants, and damages framework), factual framing of Liakas Law's alleged participation in the scheme, and alleged damages. See, e.g., SAC ¶¶ 63–72, 395–401; GNY Complaint ¶¶ 119–26, 562–67; Wesco Complaint ¶¶ 99–110. Willis Law itself described GNY as a "direct sequel" to Union Mutual, acknowledged that the two actions advance "substantially similar allegations," ECF No. 147 at 1–2, and concedes that Wesco follows the same pattern, see Wesco Complaint ¶¶ 93–94.

The complaints also name many of the same defendants, including, for example, Liakas Law, McCulloch Orthopaedic Surgical Services, David Capiola, and Anders Cohen, who are named in all three. Wesco Complaint ¶¶ 9, 14, 16–17; SAC ¶¶ 4, 11–12, 14; GNY Complaint ¶¶ 4, 35–36, 60. The principal factual distinctions between the three complaints are the identities of the plaintiffs, the exemplar personal-injury claimants associated with the allegedly fraudulent injuries, and certain other defendants. Nevertheless, the three actions share the same core allegations regarding the enterprise theory and fraud scheme.

*Second*, the legal issues substantially overlap. Each action asserts civil RICO claims on behalf of primary insurers and requires adjudication of similar issues concerning the existence of an alleged enterprise, predicate acts, and patterns of racketeering activity. Wesco Complaint ¶¶ 412–485 (RICO and RICO conspiracy claims); GNY Complaint ¶¶ 568–650 (same); SAC ¶¶ 402–422 (same). They also assert various overlapping state-law claims. Wesco Complaint ¶¶ 486–497 (claims under the New Jersey Insurance Fraud Prevent Act), ¶¶ 498–511 (common law fraud claims), ¶¶ 512–517 (aiding and abetting fraud claims); SAC ¶¶ 423–438 (common law fraud claims), ¶¶ 439–444 (aiding and abetting fraud claims); GNY Complaint ¶¶ 651–691 (New Jersey Insurance Fraud Prevent Act claims), ¶¶ 692–706 (common law fraud claims), ¶¶ 707–712 (aiding and abetting fraud claims). Resolution of these issues will necessarily require consideration of substantially similar legal theories under substantially similar factual

allegations.

       ***Third***, judicial economy strongly favors assignment to a single District Judge.  Your Honor already presides over both <u>Union Mutual</u> and <u>GNY</u>.  Separate management of <u>Wesco</u> would create a substantial risk of duplicative proceedings, inconsistent rulings concerning common factual and legal issues, and unnecessary expenditure of judicial resources.  A single court familiar with the overlapping allegations and participants identified in the pleadings is best positioned to manage these matters efficiently.  Coordinated management before a single court will therefore promote efficiency for the Court as well as the parties.

       For the above reasons, Liakas Law respectfully requests that the Court determine that <u>Wesco</u> and <u>GNY</u> are related to the instant action, pursuant to Local Civil Rule 1.6 and Division of Business Rule 3.

### *Certification of Conferral*

       Pursuant to Division of Business Rule 3(b), I hereby certify that counsel have conferred in good faith with all other parties in an effort to reach an agreement on whether the instant action, <u>GNY</u>, and <u>Wesco</u> are related.  Counsel for Wesco Insurance Company (and its co-plaintiffs), Greater New York Mutual Insurance Company, and Union Mutual Fire Insurance Company have advised that they consent to the filing of this letter application requesting that the Court mark the actions as related.  Counsel for Liakas Law reached out to the remaining defendants in <u>Union Mutual</u>, <u>GNY</u>, and <u>Wesco</u>.  Certain defendants responded that they are not named in all three actions and did not provide a position.  The remaining defendants have not yet taken a position on the requested relief.

       We thank the Court for its consideration of this matter.

       Respectfully submitted,

       James M. Catterson
       Partner

cc: All counsel of record via ECF