***Via ECF:*** September 1, 2026

The Honorable Frederic Block
Senior United States District Judge
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: ***Union Mutual Fire Ins. Co. v. Liakas Law, P.C. et al.,***
**Case No. 1:25-cv-01857-FB-CHK**

Dear Judge Block:

We represent Plaintiff Union Mutual Fire Insurance Company ("Union") and write in response to Defendants' September 1, 2026 letter (ECF No. 190, "Supp Notice") notifying the Court of the Second Circuit's August 31, 2026 order in *Roosevelt Rd. Re, Ltd. v. Subin*, No. 25-2560 (2d Cir.) (the "Denial Order"), denying panel rehearing and rehearing *en banc*.

The Denial Order itself is 61 words; excluding the procedural history, the Denial Order is nine words: "It is hereby Ordered that the Petition is Denied," signed by the Clerk. The body and footnotes of the Supp Notice, provided to merely "notify," is nearly 700 words, recites underlying case holdings it acknowledges to have already briefed, characterizes other pending actions, and generally continues a narrative campaign to conflate opposing counsel with the parties it represents. The Denial Order, and the Supp Notice, add nothing to the arguments already before the Court, for three reasons.

*First*, a denial of rehearing *en banc* carries no precedential or substantive weight. As Second Circuit Judges have explained, "the decision not to convene the *en banc* court does not necessarily mean that a case either lacks significance or was correctly decided. Indeed, the contrary may be true," and no reader should "accord any extra weight to a panel opinion in light of such a decision." *United States v. Taylor*, 752 F.3d 254, 256–257 (2d Cir. 2014) (Cabranes, J., dissenting from denial of rehearing *en banc*); *see also Ricci v. DeStefano*, 530 F.3d 88, 89 (2d Cir. 2008) ("our Circuit's longstanding tradition of general deference to panel adjudication—a tradition which holds whether or not the judges of the Court agree with the panel's disposition") (Katzmann, J., concurring in denial of rehearing *en banc*).

*Second*, the decision the Denial Order leaves undisturbed is a summary order. *See* 2d Cir. Local R. 32.1.1(a) ("Rulings by summary order do not have precedential effect."). Form denial of rehearing does not convert a nonprecedential disposition into binding authority.



**The Willis Law Group, PLLC** | 1985 Forest Lane, Garland, Texas 75042
(214) 736.9433 – Main | (214) 736.9994 - Facsimile
TheWillisLawGroup.com | E-Service Address: service@thewillislawgroup.com

*Third*, and in any event, *Roosevelt* addressed *reinsurers* whose injuries were, in the district court's words, "definitionally '[m]ultiple steps' away from the alleged fraud." The panel's summary order, in affirming, expressly stated the "calculus might change, of course" regarding claims by an *insurer* where "the defendant defrauds the insurance company itself - not a third party who then recovers from the insurance company," citing *Allstate Insurance Co. v. Seigel*, 312 F. Supp. 2d 260 (D. Conn. 2004),[1] and *Allstate Insurance Co. v. Plambeck*, 802 F.3d 665 (5th Cir. 2015), as examples of viable claims. *Roosevelt Rd. v. Subin,* 2026 U.S. App. LEXIS 21743, at *8, n 1 (2d Cir. July 22, 2026) (Summary Order). Union is a primary insurer that alleges it was itself defrauded. That is precisely the posture the panel distinguished and preserved. If anything, the finality of the *Roosevelt* appeal confirms the distinction on which Union's standing rests.

The Denial Order accordingly provides no additional support for Defendants' pending motions, which should be denied for the reasons set forth in Union's opposition and supplemental briefing. We thank the Court for its consideration of this submission.

Respectfully submitted,

*Daniel A. Johnston*

Daniel A. Johnston, Esq.

cc: All Counsel of Record (via ECF)

[1] "To be sure, insurers may clear the proximate case hurdle when they are the targets of the fraud…. [Roosevelt] is differently situated from the insurer in its best case, *Allstate Insurance Co. v. Seigel…*" *Roosevelt v. Subin,* 2025 US Dist LEXIS 117080 (E.D.N.Y. June 19, 2025);

Referring to *Seigel*: "there is a much more direct relationship between the defendants' actions and the plaintiffs' injuries than exists in this case… plaintiff insurance companies were the direct victims of the defendants' predicate acts." *Roosevelt Rd. Re, Ltd. v Haggar*, 2026 US Dist LEXIS 50451, at *37 (E.D.N.Y. Mar. 11, 2026);

"Seigel involved another primary insurance company who was directly defrauded by the defendant… the insurance company in Seigel was the direct victim of the fraud." *Ionian Re v. Gorayeb*, No. 24-CV-7098 (WFK)(PK), ECF Doc. 106 (E.D.N.Y. April 16, 2026);

"Allstate's injury in the insured tortfeasor situation - the excess money it alleges that it paid for judgments and settlements as a result of Seigel's fraud - is not derivative of harm to any third party." *Allstate Ins. Co. v Seigel*, 312 F Supp 2d 260, 267 (D. Conn 2004), 265 ("received either a money judgment or a settlement from Allstate, which paid the judgment or settlement on behalf of its insureds. These claims are referred to in this decision as the 'insured tortfeasor' claims."), 264 (including "Allstate's payments on judgments or to settle civil litigation cases where Allstate was obligated to pay bodily-injury tort awards that were artificially and falsely inflated (based upon Defendants' fraudulent medical documentation and billing); Allstate's expenses incurred to review, adjust, investigate, litigate and pay the false and fraudulent claims…").